**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GERARDO DUBON RAMIREZ
c/o 519 H Street NW
Washington, DC 20001

JOSE MISSAEL DUBON
c/o 519 H Street NW
Washington, DC 20001

Plaintiffs,

v.

DARIEN DC, LLC
d/b/a BIDWELL
1309 5th Street NE
Washington, DC 20002

JOHN PATRICK MOONEY
200 Q Street NE, Apt. 2402
Washington, DC 20002

MICHAEL PATRICK O'SULLIVAN
242 E 25th Street, Apt. 5A
New York, NY 10010

JORGE SANTOS
715 Thayer Avenue
Silver Spring, MD 20910

JUAN CARLOS ALFARO BALTAZAR
3932 7th Street NE
Washington, DC 20017

Defendants.

Civil Action No. __________________

**COMPLAINT**

# COMPLAINT

1. Defendants operate Bidwell, a restaurant with the motto: "responsibly sourced." But when it came time to pay their staff, Defendants were decidedly irresponsible. Defendants split Plaintiffs' weekly pay into multiple checks in order to hide the fact that Plaintiffs worked sixty to seventy hours a week. And Defendants ignored their obligation to provide paid "safe and sick leave" to Plaintiffs — and the health risks that this practice posed to both their employees and their customers.

2. Plaintiffs bring this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and for Defendants' failure to provide safe and sick leave, in violation of the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-131.01 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5. Plaintiff Gerardo Dubon Ramirez is an adult resident of the District of Columbia.

6. Plaintiff Jose Missael Dubon is an adult resident of the District of Columbia.

7. Defendant Darien DC, LLC is a District of Columbia corporate entity. It does business as Bidwell. Its principal place of business is located at 1309 5th Street NE, Washington, DC 20002. Its registered agent for service of process is S and P Registered Agents, Inc., 1008 Pennsylvania Avenue SE, Washington, DC 20003.

8. Defendant John Patrick Mooney is an adult resident of the District of Columbia. He resides at 200 Q Street NE, Apt. 2402, Washington, DC 20002. He is an owner and officer of Defendant Darien DC, LLC. He exercises control over the operations of Darien DC, LLC — including its pay practices.

9. Defendant Michael Patrick O'Sullivan is an adult resident of New York. He resides at 242 E 25th Street, Apt. 5A, New York, NY 10010. He is an owner and officer of Defendant Darien DC, LLC. He exercises control over the operations of Darien DC, LLC — including its pay practices.

10. Defendant Jorge Santos is an adult resident of Maryland. He resides at 715 Thayer Avenue, Silver Spring, MD 20910. He was a chef at Bidwell and an employee of Defendant Darien DC, LLC. He exercised control over the operations of Darien DC, LLC — including its pay practices.

11. Defendant Juan Carlos Alfaro Baltazar is an adult resident of the District of Columbia. He resides at 3932 7th Street NE, Washington, DC 20017. He is a chef at Bidwell and an employee of Defendant Darien DC, LLC. He exercises control over the operations of Darien DC, LLC — including its pay practices.

## Factual Allegations

12. Defendants Darien DC, LLC, Mooney, and O'Sullivan own and operate the restaurant Bidwell, located at 1309 5th Street NE, Washington, DC 20002.

13. Plaintiff Gerardo Dubon Ramirez worked at Bidwell from approximately June 4, 2018 through approximately March 15, 2020.

14. Plaintiff Jose Missael Dubon worked at Bidwell from approximately September 3, 2018 through approximately February 23, 2020.

15. Plaintiffs worked at Bidwell as cooks.

16. Plaintiffs' job duties at Bidwell primarily consisted of preparing and cooking food.

17. Plaintiffs typically and customarily worked six days per week. However, on occasion, Plaintiffs worked seven days per week.

18. Plaintiff Gerardo Dubon Ramirez typically and customarily worked between sixty-five and seventy-five hours per week.

19. Plaintiff Jose Missael Dubon typically and customarily worked seventy-five hours per week.

20. At all relevant times, Defendants required Plaintiffs to clock in at the beginning of their work day and to clock out at the end of their work day.

21. Defendants assigned each Plaintiff a unique pin number to clock himself in and out.

22. At all relevant times, Defendants paid Plaintiffs by the hour.

23. At all relevant times, Defendants paid Plaintiffs once a week.

24. At all relevant times, Defendants paid Plaintiffs by check.

25. When Plaintiffs worked more than forty hours in a workweek, Defendants paid them with at least two different checks, each check issued under a different name.

26. Defendants paid Plaintiff Gerardo Dubon Ramirez with one check in his own name, and another check in the name "Cruz D. Ramirez."

27. Defendants paid Plaintiff Jose Missael Dubon with one check in his own name, and another check in the names "Alexandro Jorquin", "Cristobal Cantoran", or "Jose Noe Dubon."

28. Defendants split Plaintiffs' wages into multiple paychecks to conceal their obligation to pay overtime wages.

29. Defendants paid Plaintiff Gerardo Dubon Ramirez approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Jun. 04, 2018–Apr. 30, 2019 | $15.00 |
| May 01, 2019–Mar. 15, 2020 | $16.00 |

30. Defendants paid Plaintiff Jose Missael Dubon between $15.00 and $16.00 per hour.

31. Plaintiffs worked more than forty hours per workweek for Defendants.

32. At all relevant times, Defendants paid Plaintiffs the same regular hourly rate across all hours worked.

33. At all relevant times, Defendants did not pay Plaintiffs overtime wages — or one and one-half times their regular hourly rate for hours worked in excess of forty in a workweek.

34. Defendants owe Plaintiff Gerardo Dubon Ramirez approximately $22,522.87 in overtime wages (excluding liquidated damages).

35. Defendants owe Plaintiff Jose Missael Dubon approximately $21,223.13 in overtime wages (excluding liquidated damages).

36. Furthermore, Defendants never provided Plaintiffs with paid leave as required by the ASSLA. D.C. Code § 32-131.02.

37. Plaintiffs lost wages in 2018-2020 because they were sick.

38. For Defendants' failure to provide paid leave, Defendants owe Plaintiff Gerardo Dubon Ramirez approximately $872.00 in lost wages and compensatory damages.

39. For Defendants' failure to provide paid leave, Defendants owe Plaintiff Jose Missael Dubon approximately $756.00 in lost wages and compensatory damages.

40. Defendants should have provided Plaintiff Gerardo Dubon Ramirez with 3.0 days of paid leave in 2018, 3.0 days of paid leave in 2019, and 1.0 day of paid leave in 2020.

41. Defendants should have provided Plaintiff Jose Missael Dubon with 2.0 days of paid leave in 2018, 3.0 days of paid leave in 2019, and 1.0 day of paid leave in 2020.

42. Defendants owe Plaintiff Gerardo Dubon Ramirez $3,500.00 — $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether he took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

43. Defendants owe Plaintiff Jose Missael Dubon $3,000.00 — $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether he took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

44. Defendant John Patrick Mooney set, or played a part in setting, the restaurant's hours of operation.

45. Upon information and belief, Defendant John Patrick Mooney signed Plaintiff's paychecks.

46. Upon information and belief, Defendant John Patrick Mooney participated in the decision to hire Defendant Jorge Santos.

47. Upon information and belief, Defendant John Patrick Mooney participated in the decision to hire Defendant Juan Carlos Alfaro Baltazar.

48. Upon information and belief, Defendant John Patrick Mooney was aware that Plaintiffs' weekly wages were split across multiple checks.

49. Defendant Michael Patrick O'Sullivan set, or played a part in setting, the restaurant's hours of operation.

50. Upon information and belief, Defendant Michael Patrick O'Sullivan had the authority to sign Plaintiff's paychecks.

51. Upon information and belief, Defendant Michael Patrick O'Sullivan participated in the decision to hire Defendant Jorge Santos.

52. Upon information and belief, Defendant Michael Patrick O'Sullivan participated in the decision to hire Defendant Juan Carlos Alfaro Baltazar.

53. Upon information and belief, Defendant Michael Patrick O'Sullivan was aware that Plaintiffs' weekly wages were split across multiple checks.

54. Defendant Jorge Santos participated in the decision to hire Plaintiff Gerardo Dubon Ramirez.

55. Defendant Jorge Santos participated in the decision to hire Plaintiff Jose Missael Dubon.

56. Defendant Jorge Santos participated in scheduling Plaintiffs' hours of work.

57. Defendant Jorge Santos supervised Plaintiffs' work.

58. Defendant Juan Carlos Alfaro Baltazar participated in the decision to hire Plaintiff Gerardo Dubon Ramirez.

59. Defendant Juan Carlos Alfaro Baltazar participated in the decision to hire Plaintiff Jose Missael Dubon.

60. Defendant Juan Carlos Alfaro Baltazar played a part in setting Defendants' pay practices.

61. Defendant Jorge Carlos Alfaro Baltazar participated in scheduling Plaintiffs' hours of work.

62. Defendant Juan Carlos Alfaro Baltazar supervised Plaintiffs' work.

63. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

64. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

65. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

66. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

67. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

68. At all relevant times, Defendants were aware that they were legally required to provide Plaintiffs with paid safe and sick leave.

69. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

70. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

71. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

72. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

73. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

74. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

75. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

76. Defendants' violations of the FLSA were willful.

77. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA

78. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

79. Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

80. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

81. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

82. Defendants' violations of the DCMWA were willful.

83. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

**COUNT III**

**FAILURE TO PAY WAGES UNDER THE DCWPCL**

84. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

85. Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

86. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

87. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

88. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

89. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including overtime wages.

90. Defendants' violations of the DCWPCL were willful.

91. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, interest, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

**COUNT IV**

**FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA**

92. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

93. Each defendant was an "employer" of Plaintiffs within the meaning of the ASSLA. D.C. Code § 32-131.01.

94. The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

95. Defendants violated the ASSLA by not providing Plaintiffs the required paid leave.

96. For Defendants' violations of the ASSLA, Defendants also owe Plaintiffs $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether Plaintiffs took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

97. For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, punitive damages, Plaintiffs' reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court. D.C. Code § 32-131.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$190,564.20**, and grant the following relief:

a. Award Plaintiffs $174,984.00, consisting of the following overlapping elements:

i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

ii. unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

iii. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiffs $8,128.00, consisting of the following:

i. $1,628.00 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.02(e);

ii. $6,500.00 in additional damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.12(b);

c. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

d. Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $7,052.20);

e. Award Plaintiffs court costs (currently, $400.00); and

f. Award any additional relief the Court deems just.

Date: June 29, 2020

Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*